UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO.: 4:07CV-118-M

AARON EAVES, DARYLE EAVES, and
ESTATE OF TRINITY EAVES, Deceased                                    PLAINTIFFS

v.

UNITED STATES OF AMERICA                                             DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by the defendant, United States of America, for partial summary judgment [DN 43].  Fully briefed, this motion is ripe for decision.

## I.  INTRODUCTION

The plaintiffs filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, seeking compensation for injuries sustained by Aaron, Daryle, and Trinity Eaves in an automobile crash allegedly caused by the defendant's negligence.  The crash occurred on April 2, 2005 while the plaintiffs' car was idling in the breakdown lane of the Western Kentucky Parkway in Grayson County.  At approximately 1:27 p.m., Master Sergeant George Howton, who was also traveling on the Parkway, veered into the breakdown lane crashing into the rear of the plaintiffs' automobile.  Aaron and Daryle Eaves, who were the front seat driver and passenger, sustained injuries, but survived the crash.  They have no independent recollection of the collision.  Trinity, the Eaves' 15-month old child, sustained serious injuries and died four days later never having regained consciousness.  Aaron and Daryle Eaves allege that because of the crash, they now suffer from post-traumatic stress disorder and seek to recover, in part, for this emotional distress.  The defendant argues that it is entitled to summary judgment as to this portion of the plaintiffs' claim.

## II.  SUMMARY JUDGMENT STANDARD

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986).  The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  Anderson, 477 U.S. at 252.

## III.  DISCUSSION

The defendant argues that bystanders, i.e., those that suffer emotional distress damages for having to witness a physical injury to another, cannot recover those damages under Kentucky law. The Court agrees.  See, e.g., Hetrick v. Willis, 439 S.W.2d 942 (Ky. 1969); Nationwide Prop. & Cas. Ins. Co. v. Caple, No. 2007-CA-001395-MR, 2008 WL 2696904 (Ky. Ct. App. July 11, 2008); Major v. Gen. Motors Corp., 96 F.3d 1448 (table), 1996 WL 506379 (6th Cir. Sept. 4, 1996).

        In Hetrick, the driver of an automobile was injured when his vehicle collided head-on with

a tractor-trailer.  Id. at 942.  Although the driver's injuries were not serious, his wife, who was a

passenger in the automobile, was killed.  Id.  The driver sued the trucking company for his injuries.

Id. at 943.  At trial, the jury found the trucking company negligent and awarded damages for the

emotional distress suffered by the driver.  Id.  Relying upon the "impact rule," the Kentucky Court

of Appeals reversed.  Under the impact rule, "damages may not be recovered for shock or mental

anguish unaccompanied by physical contact or injury.[1]"  Id. (citation omitted).  However, "the

amount of physical contact or injury that must be shown is minimal" so long as "the damages for

mental distress sought to be recovered be related to, and the direct and natural result of, the physical

contact or injury sustained."  Deutsch, 597 S.W.2d at 146.  The Court reasoned that the emotional

distress suffered by the driver was not recoverable because it had no relationship with his injury, but

was rather caused by the tragic loss of his wife.  Hetrick, 439 S.W.2d at 943.  In other words, one

can only recover such damages if the emotional distress is "based on an injury to the person bringing

the claim, not on an injury to another."  Caple, 2008 WL 2696904, at *4; see also Major, 1996 WL

506379, at *1 ("the emotional distress for which the plaintiffs seek to recover is not that arising from

their own injuries, but the emotional distress they suffered from witnessing the injuries sustained

by a third party . . . .  Hence, that emotional distress was not, in the words of Deutsch, 'the direct and

natural result of [] the physical contact or injury sustained' by the plaintiffs themselves and cannot

give rise to a separate cause of action under Kentucky law.").  Therefore, despite the fact that the

Eaveses were "impacted" by the collision, they may not recover damages under Kentucky law for

---

        [1]        Although heavily criticized, the rationale for the impact rule is "that such [emotional distress]
damages are too remote and speculative, are easily simulated and difficult to disprove, and there is no
standard by which they can be justly measured."  Deutsch v. Shein, 597 S.W.2d 141, 146 (Ky. 1980)
(quotation omitted).

the emotional distress they suffered as result of the death of their daughter.  These damages are not based upon an injury to themselves, but are rather based upon an injury to another.

The defendant also seems to argue that the Eaveses should not recover damages for the emotional distress they suffered even if caused by their own injuries because they have no memory of the collision itself.  A similar argument was made by the defendant in <u>Turner v. Williams</u>, 762 N.E.2d 70 (Ill. App. Ct. 2001).[2]  In <u>Turner</u>, the plaintiffs were involved in an automobile accident in which their father was killed.  Although having no memory of the accident itself, the plaintiffs argued that every time they looked in the mirror and saw their scars, they would remember the accident.  <u>Turner</u>, 762 N.E.2d at 77.  But the Illinois appellate court found the plaintiffs' lack of memory significant.  <u>Id.</u>  "Contrary to the plaintiffs' argument that plaintiffs will experience grief and sadness every time they look in the mirror and they see the scars, without any memory of the collision, the only emotional injury plaintiffs could have suffered did not stem from feelings related to the facts of the collision itself."  <u>Id.</u> (quotation omitted).  To the extent the Eaveses are claiming that they suffered or are currently suffering emotional distress as a direct result of the crash itself, the defendant's position is well taken.  That is not to say, however, that the Eaveses are unable to recover any damages for their emotional distress.  Unlike <u>Turner</u>, the Eaveses have presented evidence of emotional distress other than feelings related to the facts of the collision itself.  The plaintiffs' expert, for example, opined that some emotional distress was caused by the fact that the

---

[2]        The defendant also relies upon <u>McCracken v. City of Millington</u>, No. 02A01-9707-CV-00165, 1999 WL 142391 (Tenn. Ct. App. March 17, 1999).  But the Court finds <u>McCracken</u> distinguishable.  Unlike Kentucky law, Tennessee law permits a plaintiff to recover for the emotional distress caused by witnessing the death of another so long as the plaintiff has sufficient awareness of the injury-producing event.  <u>Id.</u> at *10-11.  The Court in <u>McCracken</u> merely held that without a memory of the injury-producing event, the plaintiff could not recover emotional distress damages for witnessing the death of another.  <u>Id.</u>  It did not address whether the plaintiff could recover for the emotional distress caused by her own injuries.

Eaveses had to wake up in a hospital, injured, and in pain.  It also appears that the Eaveses will be presenting evidence that they suffered emotional distress from having to endure pain during their recovery.  These types of damages are recoverable as a component of pain and suffering so long as the Eaveses can convince the trier of fact that the damages are related to, and the direct and natural result of, the physical contact or injury *they* sustained.

## IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by the defendant, United States of America, for partial summary judgment [DN 43] is **GRANTED in part** and **DENIED in part**.  It is granted to the extent the plaintiffs seek emotional distress damages caused by witnessing the injury and subsequent death of their child.  It is denied in all other respects.

cc:      Counsel of Record